OFFICE OF DISCIPLINARY COUNSEL *v.* MARTIN.

[Cite as Disciplinary Counsel *v.* Martin (1990), 49 Ohio St. 3d 607.]

(No. D.D. 88-31—Submitted and decided February 20, 1990.)

This cause came on for further consideration upon the filing of respondent David Lee Martin's application for reinstatement.

The court coming now to consider its order of May 17, 1989, suspending respondent, David Lee Martin, from the practice of law for a period of one year pursuant to Gov. Bar R. V(7)(c), with six months of such suspension stayed on the condition that respondent give satisfactory evidence to the Clerk of the Supreme Court that he had fully reimbursed the Gladys Roberts guardianship, finds that respondent has complied with that order, and with the provisions of Gov. Bar R. V(24).

Therefore, IT IS ORDERED by the court that David Lee Martin be, and hereby is, reinstated to the practice of law in the state of Ohio.

IT IS FURTHER ORDERED that respondent comply with the registration requirements of Gov. Bar R. VI.

(For earlier case, see [1989], 43 Ohio St. 3d 81, 539 N.E. 2d 138.)

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

IN RE RESIGNATION OF POTTER.
IN RE POTTER.
TOLEDO BAR ASSOCIATION V. POTTER.

[Cite as In re Resignation of Potter (1990), 49 Ohio St. 3d 607.]

(Nos. 90-264, 89-1952 and 89-2173 — Submitted February 21, 1990 — Decided March 7, 1990.)

The resignation of Robert J. Potter as an attorney is accepted. In view of Potter's resignation from the practice of law, case No. 89-2173 is dismissed as moot, and the indefinite suspension imposed pursuant to Gov. Bar R. V(9)(a)(iii) is vacated. (See 47 Ohio St. 3d 709, 548 N.E. 2d 244.) The costs of these cases are taxed against Potter.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.